UNITED STATES DISTRICT COURT  FILED
U.S. DIST COURT
MIDDLE DISTRICT OF LOUISIANA  MIDDLE DIST. OF LA

2008 APR -7  P 4: 18

CYNTHIA BRIDGES,
SECRETARY, DEPARTMENT OF
REVENUE, STATE OF LOUISIANA

SIGN_____
BY DEPUTY CLERK

VERSUS

CIVIL ACTION NO.: 08-29-JVP-SCR

DISASTER RECOVERY and HOUSING –
LA, L.L.C.

## RULING AND ORDER ON
## MOTION TO REMAND

This matter is before the court upon a "Motion to Remand or Alternatively, Motion to Abstain" (doc. 11) filed on behalf of the Secretary of the Louisiana Department of Revenue.  The motion is opposed by the defendant (doc. 13).  The Notice of Removal filed by the defendant alleges federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal jurisdiction.

This action is brought by the Secretary of the Louisiana Department of Revenue in her official capacity and seeks to recover a state-levied use tax for the period January 1, 2005 through December 31, 2005 upon the defendant, arising from travel trailers allegedly purchased by the defendant during that period.  The state court petition alleges that a state audit has determined that the defendant had a use tax deficiency in the amount of $691,470 to which statutory interest and penalties must be added and that the sum is now due and payable.

C cert. copy to 19th JDC

The Notice of Removal (doc. 1) points out that the defendant is a Louisiana citizen and thus diversity of citizenship cannot be a basis for asserting federal jurisdiction.  The basis for federal jurisdiction set forth in the removal is federal question under 28 U.S.C. § 1331 involving issues arising "under the Constitution and laws of the United States in addition to the laws of the state of Louisiana." (doc. 1, ¶7).

The removal notice further alleges that the defendant sold the travel trailers referred to by the Secretary to the Federal Emergency Management Agency and that, since a federal agency is a party to the contract of the sale, federal law applies and thus federal jurisdiction is invoked.

## DISCUSSION

The defendant's opposition to the Motion to Remand correctly notes that the Secretary cites a couple of non-applicable reasons for remand but the opposition fails to rebut the principal reason for remand – the well-established "well-pleaded complaint rule."

The federal courts have long ago held and consistently followed that rule.  A state court action may be removed to a federal court if it qualifies as a "civil action of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded

2

complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). An examination of the state court petition is therefore required in order to determine whether there is or is not a federal question presented here.

That petition alleges, in pertinent part:

4.

Through this action, the Department of Revenue asserts a demand for Louisiana General Use Tax, along with related interests and penalties, for the period beginning on January 1, 2005 and ending December 31, 2005, in the total amount of $918,972.70 plus any additional interest which becomes due during the course of this litigation as mandated under La. R.S. 47:1601.

5.

The Department of Revenue conducted a tax audit of Disaster Recovery business practices, thereby determining that use taxes were owed on all travel trailers that were purchased and in the possession of Disaster Recovery during January 1, 2005 through January 31, 2005.

7.

The indebtedness sought by the Department is [created by?] the fact that Disaster Recovery did not acquire a license to engage in business as a seller of the enumerated classes of the items sold, namely trailers.

8.

Disaster Recovery purchased trailers from a manufacturer and then re-sold those same trailers to the Federal Emergency Management Agency (FEMA). As per La. R.S. 32:774 a person or an entity is legally prohibited from engaging in business as a seller of the enumerated classes of items without a license. The transactions at issue must be categorized as being for the use of the person or entity which purchased the items from the manufacturer, requiring payment

3

of use tax by the person or entity, namely Disaster Recovery, which has no authority to re-sell the items because a license to do such was not acquired.  That use tax was to be remitted to the Department of Revenue.

9.

The above-mentioned transactions are taxable pursuant to La. R.S. 47:301, La. R.S. 47:302 A and La. R.S. 47:321.  Interest is calculated pursuant to La. R.S. 47:1601, and penalties are imposed in accordance with La. R.S. 47:1602.

State Court Petition (doc. 2).

As the foregoing allegations demonstrate, this action asserts a demand for a tax levied by a Louisiana law, all aspects of which are determined by Louisiana law.  While the petition does allege that the defendant sold trailers to a federal agency, that sale plays no part in the liability for the tax.  The state court pleadings clearly allege that the defendant purchased the trailers in Louisiana in the year 2005 and that the defendant did not obtain a license from the Louisiana authorities to engage in business as a seller.  That alleged fact, according to the petition, triggers liability for a use tax upon the purchase of the trailers under Louisiana law.

The Louisiana tax is sought to be levied upon a Louisiana citizen under the provisions of Louisiana law.  The alleged fact that the defendant sold the trailers to a federal agency is not material to the attempt to levy and collect the Louisiana tax.  There is no attempt here to levy or collect any Louisiana tax from any federal agency or upon the sale.  The tax sought to be levied is a use tax.

Under these circumstances, the removal to this court was improper.

4

Accordingly, for the foregoing reasons, the Plaintiff's Motion to Remand (doc. 11) is hereby **GRANTED** and this action is hereby **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Baton Rouge, Louisiana, April 7, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA